```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LUIS CAMAS and JUAN GABRIEL LUNA,              :    Index No. 16-cv-12 (ALC)
individually and on behalf of all other similarly,  :
situated persons                                :    **AMENDED COMPLAINT**
                        Plaintiffs,             :
                                                :    **FLSA COLLECTIVE**
PSSP NY INC. d/b/a SOFIA'S OF LITTLE ITALY, :        **ACTION AND RULE 23**
and NELSON SHAKED                               :
                                                :    **CLASS ACTION**
                        Defendants,             :
------------------------------------------------------------X
```

Plaintiffs LUIS CAMAS and JUAN GABRIEL LUNA, by and through their attorneys, on behalf of themselves and all others similarly situated, allege, upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiffs seek, for themselves and similarly situated employees, unpaid wages, unpaid minimum wage, unpaid overtime, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2. Plaintiffs also bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the New York State Labor Law, including N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"), and 12 NYCRR § 142-2.2. Plaintiffs seek, for themselves and all other similarly situated employees, unpaid wages, unpaid minimum wage, unpaid overtime, statutory damages, interest, reasonable

1

attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## JURISDICTION AND VENUE

3.  Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.  Jurisdiction of this Court over Plaintiffs' NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5.  Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because Defendants may be found in this District.

## PARTIES

6.  Plaintiff LUIS CAMAS ("Plaintiff CAMAS") resides in the County of Kings in the State of New York.  At all relevant times, Plaintiff CAMAS was employed by Defendants as a busboy and food-runner, as described herein, for approximately one year, beginning from in or about the year 2013 until in or about 2014.

7.  Plaintiff JUAN GABRIEL LUNA ("Plaintiff LUNA") resides in the County of Bronx in the State of New York.  At all relevant times, Plaintiff LUNA was employed by Defendants as a busboy and food-runner, as described herein, beginning from in or about June or July 2013 until in or about May or June 2015.

8.  Plaintiffs' written consents to sue are attached hereto as Exhibit "A"

9. Defendant PSSP NY INC. d/b/a SOFIA'S OF LITTLE ITALY ("SOFIA'S") is a New York State domestic corporation licensed to do business in the State of New York, with its principal office and place of business at 143 Mulberry Street, New York, New York, 10013.

10. Defendant Nelson Shaked ("Defendant Shaked") is the owner, chairman/chief executive officer, manager and/or operator of Defendant SOFIA'S. Defendant Shaked has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

11. Defendants Sofia's, and Shaked are herein collectively referred to as "Defendants".

12. Defendants grossed more than $500,000.00 in each of the last six calendar years.

13. At all relevant times, Defendants have been, and continue to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Defendants has employed "employee[s]", including Plaintiffs, each of the FLSA Collective Plaintiffss and the Class Members.

**FACTUAL ALLEGATIONS**

14. Defendants operate a(n) Italian food restaurant under the name of Sofia's of Little Italy.

15. At all times relevant hereto, Defendants employed Plaintiffs, the FLSA Collective Plaintiffs and the Class Members as non-exempt employees including waiters, busboys, and runners.

3

16. Defendants generally scheduled Plaintiff Camas to work 7 days, 56 hours per week.

17. Defendants scheduled Plaintiff Camas to work- and Plaintiff Camas did work- 7 days a week from 4pm through 12am.

18. Plaintiff Camas occasionally worked 2 hours in additional to his 7 day, 56 hours work weeks.

19. Defendants generally scheduled Plaintiff Luna to work 5 days, between 45 and 50 hours per week.

20. Defendants scheduled Plaintiff Luna to work- and Plaintiff Luna did work- 5 days a week.

21. Defendants scheduled Plaintiff Luna to work- and Plaintiff Luna did work- Wednesday, Thursday, Friday from 2pm until 11:30pm, Saturday from 12pm to 10pm, and Sunday from 12pm to 10pm.

22. Defendants generally required Plaintiff Luna to work up to 5 hours per week in addition to his 45 hour scheduled shifts.

23. Defendants enforced a plan and policy that required Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members to clock out when they reach an eight (8) hour work day.

24. Defendants enforced a plan and policy that required Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members to continue working after they clocked out.

25. Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members regularly worked in excess of a 40 hour work week.

26. Defendants paid Plaintiffs, the FLSA Collective Plaintiffs, and the Class members $5.00 per hour worked up to 40 hours a week.

27. Defendants paid Plaintiffs, the FLSA Collective Plaintiffs, and the Class members nothing **$0.00** per hour worked in excess of 40 hours a week.

28. Plaintiffs, the Collective Plaintiffs and Class Members did not receive any tip credit notice. Defendants failed to inform Plaintiffs, the Collective Plaintiffs and Class Members that their tips would be used as a credit against the minimum wage. Moreover Plaintiffs, the Collective Plaintiffs and Class Members wage statements did not show the amount of the tip credit claimed for each relevant pay period.

29. For the hours that Defendants did pay Plaintiffs, Defendants paid Plaintiffs the Collective Plaintiffs, and the Class Members, the "tip credit" minimum wage, which is less than the federal and the New York State minimum wages. Defendants, however, were not entitled to take any tip credits under the FLSA and NYLL, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit, in violation of the FLSA and NYLL, and (ii) failed to provide proper wage statements informing tipped employees of the amount of the tip credit taken for each payment period in violation of the NYLL.

30. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs, the Collective Plaintiffs and the Class Members due to the invalid tip-credit that Defendants claimed.

31. Defendants did not pay Plaintiffs and the FLSA Collective Plaintiffs, and the Class Members an overtime premium for all hours worked in excess of 40.

32. Defendants failed to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime premiums of one and one half times the minimum wage for all of the hours they worked in excess of 40 hours per week.

33. Upon information and belief, Defendants violated NYLL § 195(3) by failing to furnish Plaintiffs and the Class Members with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

34. Defendants failed to provide Plaintiffs and the Class Members with the notices required by NYLL §195(1).

35. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiffs and other similarly situated employees of Defendants were not paid overtime premiums for all hours worked in excess of 40 hours in a week. Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiffs and the FLSA Collective Plaintiffs and that they violated the FLSA and the NYLL.

36. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs and the FLSA Collective Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiffs bring the First and Second claims for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendants at any time as a tipped-employee including waiters, busboys, and food runners/runners, during the three years prior to the filing of the original Complaint in this case as defined herein. All said persons, including Plaintiffs, are referred to herein as the "FLSA Collective Plaintiffs".

38. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per workweek. The claims of the Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.

39. Other tipped-employees including waiters, busboys, and food runners, should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other non-exempt employees including waiters, busboys, and food runners/runners, to receive notice of the action and allow them to opt in to such an action if they so choose.

40. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

41. Plaintiffs brings the Third and Fourth Claims for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover minimum wages, overtime wages, and statutory and other damages on behalf of all individuals employed in the State of New York by Defendants as a tipped-employee including waiters, busboys, and food runners/runners at

any time during the six years prior to the filing of the original Complaint in this case as defined herein (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class Members" and/or the "Class".

42.     The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendants' records.  Notice can be provided by means permissible under FRCP Rule 23.

43.     The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiffs and is presently within the sole control of the Defendants, Plaintiffs believes that through discovery they will obtain evidence to establish that there are at least forty members of the Class.

44.     Plaintiffs' claims are typical of those claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendants, in that Defendants failed to provide Class Members with proper notices and/or wage statements as required by NYLL §195. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

45.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiffs have retained Gennadiy Naydenskiy, Esq., a competent and experienced employment litigator.

46. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

47. Upon information and belief, employees of Defendants are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former

employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

48. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendants lawfully paid Class Members a tip-credit rate of pay, (b) whether Defendants informed the class members of the tip-credit, (c) whether Defendants provided class members a tip-credit notice (d) whether Defendants provided Class Members with the notices required by NYLL § 195(1) and (e) whether Defendants provided Class Members with sufficiently detailed wage statements as required by NYLL § 195(3).

49. Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

**FIRST CLAIM FOR RELIEF**
**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

50. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

51. Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

52. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

53. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

54. Because Defendants' violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage – FLSA, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

55. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

56. Defendants failed to pay Plaintiffs and the FLSA Collective Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

57. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid minimum wage, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

58. Because Defendants' violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

### THIRD CLAIM FOR RELIEF
**(Failure to Pay Minimum Wage and Overtime Wages – NYLL, Brought by Plaintiffs on Behalf of Themselves and the Class Members)**

59. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

60. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying minimum wage or overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

61. Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the Class Members minimum wage and the required overtime rates for hours worked in excess of forty (40) hours per workweek.

62. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

63. Plaintiffs and the Class Members seek damages in the amount of their respective unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (Notice Violations & Wage Statement Violations – NYLL §195, Brought by Plaintiffs on Behalf of Themselves and the Class Members)

64. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

65. Defendants failed to supply Plaintiffs and the Class Members with notice as required by NYLL § 195, in English or in the languages identified by Plaintiffs and the Class Members as his/her primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

66. Defendants willfully failed to supply each Plaintiff and the Class Member with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked,

including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

67. Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants $100 for each workweek that the violations occurred or continue to occur, or a total of $2,500, as provided for by NYLL § 198(1)-d, and $50 dollars for each workweek that the violations occurred or continue to occur, or a total of $2,500, as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs, and the Class Members, pray for relief as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Certification of this action as a class action;

(c) Designation of the Named Plaintiffs as Representative of the FLSA Collective Plaintiffs and Class Representatives of the Class;

(d) An award of damages, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendants;

(e) Costs of action incurred herein, including expert fees;

(f) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g) Pre-Judgment and post-judgment interest, as provided by law; and

(h) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: January 29, 2016

Respectfully submitted,

NAYDENSKIY LAW GROUP, P.C.

*signature*

Gennadiy Naydenskiy (GN5601)
2747 Coney Island Ave
Brooklyn, NY 11235
(718) 808-2224
naydenskiylaw@gmail.com
*Attorney for Plaintiffs, Proposed Collective Action Plaintiffss and Proposed Class Members.*

# EXHIBIT A

I am a current or former employee of PSSP NY INC, Sofia's of Little Italy, Nelson Shaked and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Naydenskiy Law Group, P.C. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this _17_ day of _12_____, 2015.

_____
Signature

_Luis G Camas_____
Full Legal Name (print)

I am a current or former employee of PSSP NY INC, Sofia's of Little Italy, Nelson Shaked, and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Naydenskiy Law Group, P.C. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this  28  day of   1  , 2016.

_____
Signature

JUAN GABRIEL LUNA
Full Legal Name (print)