# *NAYDENSKIY LAW GROUP, P.C.*

*2747 Coney Island Ave, Brooklyn NY 11235, Naydenskiylaw@gmail.com, (718) 808-2224*

April 15, 2016

**BY ECF**

The Honorable Andrew L. Carter Jr.
U.S. District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     *Camas, et. al., v. PSSP NY INC. d/b/a Sofias of Little Italy, et. al.*
        *16-cv-12 (ALC)*

### MOTION FOR SETTLEMENT APPROVAL

Dear Honorable Judge Carter,

We represent Plaintiffs Luis Camas and Juan Gabriel Luna ("Plaintiffs") in the above-referenced action. We write to respectfully request judicial approval of the parties' proposed settlement agreement, attached hereto as Exhibit "A". The agreement provides payment of Thirty Thousand Dollars ($30,000), inclusive of attorneys' fees and costs. For the reasons outlined below, Plaintiffs submit that the Court's approval is warranted.

BACKGROUND

Plaintiff filed a complaint on January 4, 2015 and an amended complaint on January 29, 2016 asserting that Defendants (a restaurant serving Italian cuisine and its owners/operators) violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to notify Plaintiffs of their intent to take a tip-credit against the minimum wage and for filing to pay Plaintiffs overtime pay for all hours worked in excess of 40 hours per week and failing to provide proper wage notices and wage statements. Thereafter, Defense Counsel contacted Plaintiffs' counsel and settlement discussions have ensued. Upon review of Defendants records, Defense counsel produced a spreadsheet of potential damages due if Plaintiffs would prevail on their claims. [1] Subsequently, Plaintiffs' counsel and Defendants' counsel took part in a substantial phone conference regarding the spreadsheet calculations and Defendants' time and record keeping policies. Thereafter, Counsel for the parties had numerous conversations with their respective clients regarding settlement. Subsequently, after client approval, the parties reached a settlement.

---

[1] Upon review of the spreadsheet and numerous conversation with Defense Counsel, Plaintiffs counsel has no reason to doubt Defense Counsel's calculations of potential damages owed if the Plaintiffs would prevail on all their claims.

CLAIMS AND DEFENSES

Plaintiffs allege that Defendants failed to inform them (Plaintiffs) that their tips would be used as a credit against the minimum wage. Additionally, Plaintiffs allege that Defendants' failed to pay an overtime rate of pay for all hours worked in excess of 40 hours per week.

Defendants dispute all of Plaintiffs allegations. It is Defendants position that the Plaintiffs received notice of the tip-credit applied against minimum wage. Additionally, Defendants dispute the amount of overtime hours worked by Plaintiffs as alleged.

SETTLEMENT AMOUNT

During the parties' settlement negotiations, Plaintiffs' counsel counted Plaintiff Luna's best case scenario wages owed (minimum wage and overtime pay), as alleged in the complaint to be $23,036. However, Defendants produced spreadsheets allocated alleged damages owed of $7,922.37 (consisting of minimum wage, overtime, and spread of hours owed) for Plaintiff Luna. Therefore, the settlement amount of $20,000 (inclusive of attorney fees and costs) represents almost 100% of Plaintiff Luna's best case scenario for wages owed and over 300% of Defendants' calculations of wages owed.

Plaintiff Camas's best case scenario of wages owed, as alleged in the complaint, is $11,408.80 but, Defendants spreadsheets calculated Plaintiff Camas to be owed negative $593.27. However, Defendants admit their calculations of Plaintiff Camas's hours worked could be incorrect because (as per Defendants) Plaintiff Camas forgot to clock out on many occasions. Additionally, Defendants counter that Plaintiff Camas hardly worked overtime if any. Taking Defendants position as true then Plaintiff Camas would be entitled to $5,460 in minimum wages due if he is to prevail. Thus, a settlement of $10,000 (inclusive of attorney fees and costs) represents almost 100% of Plaintiff Camas's best case scenario for wages owed and almost 200% of his worse case scenario, if he were to prevail.

In the above calculations, the parties did not include liquated damages and damages for NYLL 195.1 notice and NYLL 195.3 wage statement violations because there are factual disputes of whether Plaintiffs received or didn't receive a tip-credit notice that would also likely satisfy the NYLL 195.1 violations and a majority portion of liquidated damages, if Defendants are to prevail. Additionally, Plaintiffs counsel recognizes that if Defendants are to prevail on all of their defenses then Plaintiffs would risk losing their NYLL 195.3 claim as well.

Plaintiffs recognizes that the damages owed can decrease based on Defendants' proof of hours worked and if the Court does not award double/stacked (FLSA and NYLL) liquidated damages, which some courts do not. *Paz v. Piedra.* No. 09  Civ.  03977  (LAK)(GWG ), 2012 W L  121103 at *12 (S.D.N.Y. Jan. 12, 2012).

Moreover, Defendants expressed a grave concern of their ability to pay a significant judgment and insisted on a payment plan for the settlement.

Thus, a settlement of $30,000- which compensates Plaintiffs' for almost all of their maximum wages owed, as alleged by the Plaintiffs, - is a fair and reasonable settlement conducted at arms-length, at an early stage of litigation (pre-answer), through the advice of counsel.

Therefore, in light of the above disputes and risks associated thereof for both parties, the parties agreed to settle the case in order to avoid further litigation, trial, and motion practice.

ATTORNEY FEES

In accordance with Plaintiff's professional services-contingency fee agreement with Plaintiff's counsel, the settlement agreement provides that Plaintiff's counsel will recover $10,346.66, equaling $520 in costs ($400 SDNY filing fee, $75 process server fee, and $45 for translator costs paid) deducted from the $30,000 settlement amount and one-third of the remainder $29,480 which equals $9,826.66. To date Plaintiff's counsel bore all costs of litigation and litigated a risky FLSA/NYLL case without compensation of any kind to date and their fee has been wholly contingent upon the result achieved.

As a cross check of contingency fees, the Courts routinely look to the lodestar method. *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F.Supp.3d 424 Plaintiff's counsel requests a lodestar of $350 an hour for the principal Gennadiy Naydenskiy and $75 an hour for paralegal work.

By way of background, Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo  Law School, admitted to the New  Jersey Bar and the United States District Court, District of New Jersey, in December  2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. 99% of Gennadiy Naydenskiy's case load concentrates on wage and hour individual, multi-plaintiff, collective and class actions in this Court, the Eastern District of New York, and New York State Courts.  Prior to founding Naydenskiy Law Group in October 2014, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates ("HHA") a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions in this Court and in the Eastern District of New York. Additionally, prior to being an associate for HHA, Mr. Naydenskiy was a law clerk for HHA from May 2012. Thus, the hourly rates are in line with hourly rates approved by  other courts in this District for attorneys with similar experience. "rates for associates have ranged from $200 to $350, with average awards increasing over time."' *Mugavero v. Arms Acres Inc.*, 2010 WL 451045, at \*5 (S.D.N.Y. Feb. 9, 2010) (*quoting Vilkhu v. City of New York*, No. 06 Civ. 2095 (CPS), 2009 WL 1851019, at \*4 (E.D.N.Y. June 26, 2009)); *see also Saunders v.  City of New York*, 07 Civ. 830 (SAS), 2009 WL 4729948, at \*8 (S.D.N.Y. Dec. 9, 2009) (approving $425 per hour rate for partners with "substantial experience litigating employment matters" and $200-$300 per hour for associates); *N.Y. Dist. Council of Carpenters  Pension Fund v. Perimeter Interiors, Inc.*, 657 F. Supp. 2d 410, 424 (S.D.N.Y. 2009) (awarding $425 per hour for partners, $300 per hour for associates, and $150 per hour for paralegal work in ERISA default case); *Torres v. Gristede's Operating Corp.*, 2012 WL 3878144, at \*4 (S.D.N.Y. Aug. 6, 2012), *aff'd,* 519 Fed. Appx. 1, 14-16 (2d Cir.  2013) (holding that hourly rates of $450 to $550 for partners, $300 for senior associates, $275 for junior associates and $175 for law clerks in a wage and hour case were reasonable); *Cao v. Wu Liang Ye Lexington Restaurant, Inc.*, 2010 WL 4159391 at \*8-9 (S.D.N.Y. 2010) (awarding hourly rates of $400 for partners, $350 for counsel, $300 for senior and midlevel associates and $200 for junior associates); *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012) (awarding hourly rates of $450 for partners, $275 for junior associates, $150 for law clerks, and $100 for paralegals).

Thus, the contingency amount of $9,826.66 (excluding costs) is less than two (2) times the lodestar amount of $5,565. *See Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F.Supp.3d 424, 439 (S.D.N.Y.,2014) (Judge Pauley approving a 2.28 lodestar calculation.). Naydenskiy law Group's contemporaneous time records of work performed in relation to the case are attached hereto as exhibit "B".

## THE SETTLEMENT SHOULD BE APPROVED

The standard for approval of FLSA settlement is well-established in the Second Circuit. As stated in the Report and Recommendation adopted by the Court in *Serebryakov v. Golden Touch Transp. of NY. Inc.:*

> When deciding whether to approve a motion for settlement of individual FLSA claims, the Court considers whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employers overreaching. In the absence of a certified class, a district court typically considers the following factors to determine whether a settlement of individual FLSA claims is reasonable: (1) the complexity, expense, and likely duration of litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment; and (6) the range of reasonableness in light of the best possible recovery and all the risks of litigation.

No. 12 Civ. 3990 (NGG)(RER), 2013 WL 3364393, at *2 (E.D.N.Y. July 2, 2013) (Garaufis, J) (citations and internal quotation marks omitted); *see also. e.g.. Calle. et al. v. Elite Specialty Coatings Plus, Inc., et al.,* No. 13 Civ. 6126 (NGG)(VMS), 2014 WL 6621081, at *2 (E.D.N.Y. Nov. 21, 2014) (evaluating and approving a settlement using the above factors as well as comparing the settlement amount to counsel's lodestar); *Jn re Penthouse Executive Cluh Comp. Litig.,* No. 10 Civ. 1145 (KMW), 2014 WL 185628, at *7 (S.D.N.Y. Jan. 14, 2014) (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353-54 (IIth Cir. 1982) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes."); *Tiro v. Public House Investments. LLC,* Nos. 11 Civ. 7679 (CM), *et al,* 2013 WL 4830949, at *JO (S.D.N.Y. Sept. 10, 2013) (citing *Johnson v. Brennan,* No. 10 Civ. 4712 (CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011); *Lynn's Food Stores,* 679 F.2d at 1353-54) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement, and approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes."); *Yuzmy v. HSBC USA. N.A.,* No. 12 Civ. 3693 (PGG), 2013 WL 5492998, at *7 (S.D.N.Y. Oct. 2, 2013) (citing *Lynn's Food Stores,* 679 F.2d at 1354; *McMahon v. Olivier*

*Cheng Catering & Events. LLC,* No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010)) ("If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved."); *Diaz v. Scores Holding Co., Inc.,* No. 07 Civ. 8718 (THK), 201 1 WL 6399468, at *2 (S.D.N.Y. July 1 1, 201 1) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bonafide* disputes. Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, courts will approve the settlement".) (citations omitted); *Hens v. Clientlogic Operating Cm1J.,* No. 05 Civ. 381S (WMS), 2010 WL 5490833, at *2 (W.D.N.Y. Dec. 21, 2010) (approving FLSA – not Rule 23 – settlement where the proposed settlement resolved contested litigation in a *bonafide* dispute, and was the product of lengthy, vigorous arm's length negotiations between experienced counsel).

CONCLUSION

Based on the above, the proposed settlement, which provides for a payout of $30,000 and was the result of hard fought and arm's-length negotiations between experienced counsel, is fair and should be approved. Further litigation will require both parties to invest substantial time and expenses. While Plaintiffs believe they will ultimately prevail on their claims, they acknowledge that they face significant risks to establish liability and damages, and that Plaintiffs are entitled to liquidated damages under the FLSA and NYLL. Based on the above, the $30,000 settlement falls within the range of reasonableness in light of the best possible recovery and all the risks of litigation, and should be approved. *See, e.g.. Calle,* 2014 WL 6621081, at *3-4 (declaring the settlement agreement fair and reasonable and approving it); *Serebryakov,* 2013 WL 3364393, at *I (adopting Magistrate Judge's Report and Recommendation to approve FLSA settlement); *Peralta v. Allied Contracting II C01p.,* No. 09 Civ. 953 (NGG)(RER), 201 1 WL 3625501, at *I (E.D.N.Y. Aug. 17, 2011) (same).

Dated: April 15, 2016                                   Naydenskiy Law Group, P.C.
                                                        _____s/_____
                                                        Gennadiy Naydenskiy
                                                        2747 Coney Island Avenue
                                                        Brooklyn, New York 11235
                                                        (718) 808-2224
                                                        naydenskiylaw@gmail.com
                                                        *Attorney for Plaintiffs*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LUIS CAMAS and JUAN GABRIEL
LUNA, *individually and on behalf of others*
*similarly situated persons,*

                                    *Plaintiffs,*

        -against-

PSSP NY INC. d/b/a SOFIA'S OF LITTLE
ITALY, and NELSON SHAKED,

                            *Defendants.*

**SETTLEMENT AGREEMENT**
**AND**
**GENERAL RELEASE**

16-CV-12 (ALC)

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by LUIS CAMAS and JUAN GABRIEL LUNA on the one hand, and PSSP NY INC. d/b/a SOFIA'S OF LITTLE ITALY, and NELSON SHAKED ("Defendants") on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No. 16-CV-12 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Thirty Thousand Dollars **($30,000)** (the "Settlement Amount") to be paid in two ("2") installments, as follows:

a.      Installment One payable within 10 days of the Courts approval of the settlement:

LUIS CAMAS - Four Thousand Three Hundred Twenty Eight Dollars and Eighty Nine Cents ($4,328.89) to be issued as follows: one check payable to "Luis Camas" in the amount of $2,164.45 minus the lawful deductions via W2 and a second check payable to "Luis Camas" in the amount of $2,164.44 via Form 1099. Camas shall execute and return a W9 with this agreement.

JUAN GABRIEL LUNA – Eight Thousand Six Hundred Fifty Seven and Seventy Eight Cents ($8,657.78) to be issued as follows: one check payable to "JUAN GABRIEL LUNA" in the amount of $4,328.89 minus the lawful deductions via W2 and a second check in the amount of $4,328.89 via Form 1099. Luna shall execute and return a W9 with this agreement.

NAYDENSKIY LAW GROUP - Seven Thousand Thirteen Dollars and thirty-three cents ($7,013.33) for reasonable legal fees and costs.

b.      Installment Two payable within 60 days of the Courts approval of the settlement:

LUIS CAMAS - Two Thousand Two Hundred Twenty Two Dollars and Twenty Three Cents ($2,222.23) to be issued as follows: one check payable to "LUIS CAMAS" in the amount of $1,111.12 minus the lawful deductions via W2 and a second check payable to "LUIS CAMAS" in the amount of $1,111.11 via Form 1099.

JUAN GABRIEL LUNA – Four Thousand Four Hundred and Forty Four Dollars and Forty Four Cents ($4,444.44) to be issued as follows: one check payable to "JUAN GABRIEL LUNA" in the amount of $2,222.22 minus the lawful deductions via W2 and a second check payable to "JUAN GABRIEL LUNA" in the amount of $2,222.22 via Form 1099.

NAYDENSKIY LAW GROUP - Three Thousand Three Hundred Thirty Three Dollars and thirty-three cents ($3,333.33) for reasonable legal fees and costs.

All payments set forth above shall be delivered to the office of Naydenskiy Law Group, 2747 Coney Island Ave, Brooklyn, NY 11235 to the attention of Gennadiy Naydenskiy, Esq. All checks will be delivered to Plaintiffs' attorney via overnight delivery.

2.      In the event that the Settlement Amount is not paid by the payment date set forth in paragraph 1 above, or fails to clear (i.e., bounces) on its respective payment date, Plaintiffs shall serve a written notice ("Default Notice") upon counsel for the Defendants by certified mail, and the Defendants shall have ten (10) business days from the date of delivery of the Default Notice to cure the default by making such payment together with an additional amount of $100.00 to reimburse for the time and costs of each such bounced check. Upon Defendants' failure to cure a default within ten (10) business days of delivery of the Default Notice, counsel for Plaintiffs may immediately enforce this agreement and/or the confession of Judgment attached herein.

3.      Plaintiffs shall be solely responsible for any taxes resulting from payments received under the Agreement except for Employer side taxes resulting from the payments issued via a w2 form. In the event of an audit of Defendants by any taxing authority regarding payments

to any Plaintiffs in this Agreement, such Plaintiffs shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement except for Employer side taxes resulting from the payments issued via a w2 form.

4.    <u>Release and Covenant Not To Sue</u>: Plaintiffs hereby irrevocably and unconditionally releases and forever discharge Defendants, The owners, their affiliates, parent organizations, subsidiaries, shareholders, members, directors and managers from any and all charges, complaints, claims, and liabilities of any kind whatsoever, known or unknown, suspected or unsuspected (hereinafter referred to as "claim" or "claims") which Plaintiffs at any time has, had or claimed to have against Defendants relating to their employment with Defendants and regarding events that have occurred as of the Effective Date of this Agreement, including, without limitation, any and all claims related or in any manner incidental to the Litigation, such Plaintiffs' employment or termination, or any liability under any contract, tort, federal, state or local fair employment practices or civil rights or any other law, including, but not limited to, the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, New York State Labor Law, New York City Labor Law, or any and all common law claims, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorneys fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity, <u>except that</u> nothing in this Agreement shall operate to preclude Plaintiffs from enforcing, or shall adversely affect their right or ability to enforce this Agreement. Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs regarding events that have occurred as of the Effective Date of this Agreement.

5.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6.    <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

7.    <u>Acknowledgment:</u>   Plaintiffs acknowledges that he has been fully and fairly represented by counsel in this matter.

Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. Plaintiffs and Defendants further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

Plaintiffs represent that they have not filed any lawsuits or arbitrations against Defendants or filed or caused to be filed any charges or complaints against Defendants with any municipal, state or federal agency charged with the enforcement of any law.

Plaintiffs hereby waive any right to reinstatement and affirm that they will not apply and do not wish to be considered for any position in the future with Defendant. This is a negotiated provision of this Agreement and not evidence of retaliation.

8. <u>Notices:</u>    Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and facsimile transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Gennadiy Naydenskiy
Naydenskiy Law Group, P.C.
2747 Coney Island Ave
Brooklyn, NY 11235
Phone: 718-808-2224
Facsimile: 866-261-5478
naydenskiylaw@gmail.com


To Defendants:

Matthew J. Blit
Levine & Blit, Pllc
Empire State Building, 350 Fifth Avenue, Suite 4020
New York, NY 10118
212)-967-3000
Fax: 212)-967-3010
Email: mblit@levineblit.com

9. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement.

10. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11.    Entire Agreement.  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to Plaintiffs in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

12.    Release Notification:  Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Gennadiy Naydenskiy of Naydenskiy Law Group, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirms that this Settlement Agreement and General Release has been translated to them in Spanish and that they understand the terms of this Agreement and that he is signing this Agreement voluntarily.

13.    Counterparts:  To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. Signed facsimile, PDF, or e-mail copies of a counterpart will be acceptable as an original.

14.    Breach:  In the event of a breach of this agreement, the prevailing party shall be entitled to reasonable legal fees and costs.

THEREFORE, the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

PLAINTIFFS:

Dated: 04/06/2016
          04/06/2016

                                               LUIS CAMAS

Dated: 04/06/2016
          04/06/16

                                               JUAN GABRIEL LUNA

DEFENDANTS:                                    Sofia's Little Italy
                                               143 Mulberry Street
Dated:  4  18  16                              New York NY 10013
                                               . . TPE NY. 10013

Dated:  4  18  16              PSSP NY INC. d/b/a SOFIA'S OF LITTLE ITALY


                                               NELSON SHAKED

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LUIS CAMAS and JUAN GABRIEL
LUNA, *individually and on behalf of others
similarly situated persons,*

                      *Plaintiffs,*

        -against-

PSSP NY INC. d/b/a SOFIA'S OF LITTLE
ITALY, and NELSON SHAKED,

                      *Defendants.*

AFFIDAVIT OF
CONFESSION
OF JUDGMENT

16-CV-12 (ALC)

STATE OF NEW YORK   )
                            ) ss.
COUNTY OF NEW YORK )

    NELSON SHAKED, being duly sworn, deposes and says:

    I, NELSON SHAKED, am an owner of PSSP NY INC. d/b/a SOFIA'S OF LITTLE ITALY with principal places of business located at 143 Mulberry St, New York, New York 10013.

    I reside at _____.

    I have authority to sign on behalf of PSSP NY INC. d/b/a SOFIA'S OF LITTLE ITALY and I am duly authorized to make this affidavit on the undersigned entity's behalf.

    On behalf of myself personally and on behalf of PSSP NY INC. d/b/a SOFIA'S OF LITTLE ITALY I hereby confess judgment and authorize entry of judgment against myself personally and against PSSP NY INC. d/b/a SOFIA'S OF LITTLE ITALY in favor of Plaintiffs for the sum of $60,000, less any payments previously received pursuant to the terms of the Settlement Agreement and General Release of Claims dated March ___, 2016 (the "Settlement

Agreement"), signed by Plaintiffs and Defendants in the above-captioned proceeding, together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C. §1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest on the judgment as provided in 28 U.S.C. § 1961.

This Confession of Judgment is for a debt justly due to Plaintiffs pursuant to the Settlement Agreement, and Defendants' default in payment under the Settlement Agreement.

I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment against of each of PSSP NY INC. d/b/a SOFIA'S OF LITTLE ITALY jointly and severally with NELSON SHAKED.

_____
NELSON SHAKED,
Individually, and as owner of PSSP NY
INC. d/b/a SOFIA'S OF LITTLE ITALY

Sworn to before me this

18th day of April of 2016

_____
Notary Public



YUSANG PARK
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 10/26/2017

CORPORATE ACKNOWLEDGMENT
OF PSSP NY INC. d/b/a SOFIA'S OF LITTLE ITALY

STATE OF NEW YORK )
                      ) ss:
COUNTY OF _____ )

On the 18th day of April, 2016, before me personally came NELSON SHAKED, as
the authorized manager of PSSP NY INC. d/b/a SOFIA'S OF LITTLE ITALY, to me known
who, being by me duly sworn, did depose that he is the authorized manager of PSSP NY INC.
d/b/a SOFIA'S OF LITTLE ITALY, and that he is the individual described in and who executed
the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he
executed the same.

_____
Notary Public

YUSANG PARK
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 10/26/2017

PERSONAL ACKNOWLEDGMENT OF NELSON SHAKED

STATE OF NEW YORK )
                      ) ss:
COUNTY OF _____ )

On the 18th day of April 2016, before me personally came NELSON SHAKED, to me
known who, being by me duly sworn, did depose and say that he is the individual described
herein and who executed the foregoing Affidavit of Confession of Judgment, and duly
acknowledged to me that he executed the same.

_____
Notary Public

YUSANG PARK
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 10/26/2017

# EXHIBIT B

**NAYDENSKIY LAW GROUP, P.C.**
**2747 Coney Island Ave**
**Brooklyn, NY 11235**

Invoice submitted to:

Sofias

| | |
|---|---|
| Invoice # | **20069** |
| Invoice Date | **04/08/2016** |
| For Services Through | 04/08/2016 |
| Terms: | **N/A** |

| <u>Date</u> | <u>By</u> | <u>Service Summary</u> | <u>Hours/Rate</u> | <u>Amount</u> |
|---|---|---|---|---|
| In Reference To: | **Sofias (Labor)** | | | |
| 12/10/2015 | GN | *Meeting*<br>intake | 0.40 at $ 350.00/hr | $ 140.00 |
| 12/17/2015 | GN | *Meeting*<br>cl meeting | 0.50 at $ 350.00/hr | $ 175.00 |
| 12/20/2015 | GN | *Research*<br>research docket for previous lawsuits | 0.10 at $ 350.00/hr | $ 35.00 |
| 12/22/2015 | GN | *Draft*<br>draft complaint | 0.50 at $ 350.00/hr | $ 175.00 |
| 12/22/2015 | GN | *Draft*<br>edit complaint | 0.30 at $ 350.00/hr | $ 105.00 |
| 12/22/2015 | GN | *Phone Call*<br>tel cl. | 0.10 at $ 350.00/hr | $ 35.00 |
| 01/04/2016 | GN | *Other*<br>edit/finalize complaint, edit civ cover and summons. File case | 1.20 at $ 350.00/hr | $ 420.00 |
| 01/19/2016 | GN | *Phone Call*<br>tel conf. w/ def atty | 0.20 at $ 350.00/hr | $ 70.00 |
| 01/19/2016 | GN | *Other*<br>calculate Plaintiffs damages/demand | 0.40 at $ 350.00/hr | $ 140.00 |
| 01/27/2016 | GN | *Phone Call*<br>tel conf. intake Gabriel (with translator) | 0.50 at $ 350.00/hr | $ 175.00 |
| 01/28/2016 | GN | *Documentation*<br>amend complaint | 0.40 at $ 350.00/hr | $ 140.00 |
| 01/28/2016 | GN | *Meeting*<br>Meeting with Gabriel | 0.60 at $ 350.00/hr | $ 210.00 |
| 01/29/2016 | GN | *Documentation*<br>draft/edit amended complaint | 1.00 at $ 350.00/hr | $ 350.00 |
| 01/29/2016 | GN | *Phone Call*<br>tel def. atty re amendment | 0.10 at $ 350.00/hr | $ 35.00 |
| 01/29/2016 | GN | *Documentation*<br>review/edit amended complaint | 0.50 at $ 350.00/hr | $ 175.00 |
| 01/31/2016 | GN | *Draft*<br>revise damages to include new cl Luna | 0.90 at $ 350.00/hr | $ 315.00 |

Naydenskiy Law Group reserves the right to seek withdrawal from the case if not paid in full within ten (10) days

| 02/11/2016 | GN | *Phone Call* | 0.20 at $ 350.00/hr | $ 70.00 |
|---|---|---|---|---|
| | | tel conf. w/ def atty, notes | | |
| 02/11/2016 | GN | *Phone Call* | 0.10 at $ 350.00/hr | $ 35.00 |
| | | tel conf. w/ Luna re: settlement offer | | |
| 02/11/2016 | GN | *Phone Call* | 0.20 at $ 350.00/hr | $ 70.00 |
| | | tel conf. w/ cls re: settlement | | |
| 02/16/2016 | GN | *Phone Call* | 0.10 at $ 350.00/hr | $ 35.00 |
| | | tel conf. w/ def attys | | |
| 02/25/2016 | GN | *Review* | 0.70 at $ 350.00/hr | $ 245.00 |
| | | review def produced spreadsheet and paychecks | | |
| 02/25/2016 | GN | *Phone Call* | 0.20 at $ 350.00/hr | $ 70.00 |
| | | tel conf. w/ def atty | | |
| 03/01/2016 | GN | *Phone Call* | 0.10 at $ 350.00/hr | $ 35.00 |
| | | tel conf. w/ def atty re: settlement | | |
| 03/02/2016 | GN | *Phone Call* | 0.10 at $ 350.00/hr | $ 35.00 |
| | | tel conf. w/ cls re: settlement | | |
| 03/02/2016 | GN | *Phone Call* | 0.10 at $ 350.00/hr | $ 35.00 |
| | | tel conf. w/ def atty re: settlement | | |
| 03/09/2016 | GN | *Phone Call* | 0.10 at $ 350.00/hr | $ 35.00 |
| | | tel conf. w/ def atty re: settlement | | |
| 03/09/2016 | GN | *Phone Call* | 0.10 at $ 350.00/hr | $ 35.00 |
| | | Tel conf. W/ def atty re: settlement | | |
| 03/10/2016 | GN | *Phone Call* | 0.20 at $ 350.00/hr | $ 70.00 |
| | | tel conf. w/ cls re: settlement | | |
| 03/10/2016 | GN | *Phone Call* | 0.10 at $ 350.00/hr | $ 35.00 |
| | | tel def. atty | | |
| 03/14/2016 | GN | *Phone Call* | 0.10 at $ 350.00/hr | $ 35.00 |
| | | Tel conf w/ def atty | | |
| 03/17/2016 | GN | *Draft* | 0.40 at $ 350.00/hr | $ 140.00 |
| | | calculate breakdown of settlement amounts and email def atty | | |
| 03/22/2016 | GN | *Correspondence* | 0.10 at $ 350.00/hr | $ 35.00 |
| | | email w/ Def atty re: settlement | | |
| 03/22/2016 | GN | *Documentation* | 1.40 at $ 350.00/hr | $ 490.00 |
| | | review and edit settlement agreement | | |
| 03/31/2016 | GN | *Phone Call* | 0.10 at $ 350.00/hr | $ 35.00 |
| | | tel conf. w/ def atty | | |
| 04/04/2016 | GN | *Documentation* | 0.70 at $ 350.00/hr | $ 245.00 |
| | | draft settlement approval letter | | |
| 04/04/2016 | GN | *Research* | 0.30 at $ 350.00/hr | $ 105.00 |
| | | legal research lodestar cases | | |
| 04/06/2016 | GN | *Meeting* | 0.40 at $ 350.00/hr | $ 140.00 |
| | | meeting w/ cl re: settlement agreement | | |
| 04/06/2016 | GN | *Draft* | 0.40 at $ 350.00/hr | $ 140.00 |
| | | draft settlement approval ltr | | |
| 04/08/2016 | GN | *Draft* | 0.60 at $ 350.00/hr | $ 210.00 |
| | | draft/edit settlement approval ltr | | |
| 04/08/2016 | GN | *Documentation* | 1.40 at $ 350.00/hr | $ 490.00 |
| | | review, edit, and finalize settlement approval letter | | |

In Reference To: **Sofias (Expenses)**

| 01/04/2016 | GN | *Filing Fee* | $400.00 | $ 400.00 |
|---|---|---|---|---|
| | | Court filing fee | | |
| 01/13/2016 | GN | *Process Service* | $75.00 | $ 75.00 |
| | | proccess serve | | |
| 01/27/2016 | GN | *Miscellaneous* | $25.00 | $ 25.00 |
| | | translation intake Gabriel | | |
| 01/28/2016 | GN | *Miscellaneous* | $20.00 | $ 20.00 |
| | | translator for Gabriel intake | | |

*Total Hours:   15.90 hrs*

Naydenskiy Law Group reserves the right to seek withdrawal from the case if not paid in full within ten (10) days